**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1091-17T3

MICHAEL STANTON,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

          Submitted June 5, 2019 – Decided July 8, 2019

          Before Judges Nugent and Reisner.

          On appeal from the New Jersey Department of Corrections.

          Michael Stanton, appellant pro se.

          Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Kevin J. Dronson, Deputy Attorney General, on brief).

PER CURIAM

Michael Stanton, a prison inmate, appeals from a September 11, 2017 final decision of the assistant prison superintendent, upholding the determination of a hearing officer that Stanton committed prohibited act *.002, assaulting any person. Despite our request, the Department of Corrections (DOC) failed to provide this court with a critical portion of the record – a security video on which the hearing officer relied in deciding the case. See R. 2:5-4(d). In a letter dated June 25, 2019, the DOC's counsel advised that the agency "has been unable to locate the subject video." Because the non-production of the evidence precludes meaningful appellate review, we vacate the final decision and remand the case to the DOC for a new hearing before a different hearing officer.

To put our decision in context, we briefly summarize the case. Another inmate, who was charged with flooding his cell, claimed in defense that Stanton threw human waste into the inmate's cell, leading the alleged victim to flood the cell with water while trying to wash off the waste. Stanton, who was a "runner" assigned to deliver food to other inmates in their administrative segregation cells, responded that he did not throw anything at the alleged victim, but simply handed him a cup of pudding and bread. The hearing officer viewed a security video of the incident and concluded Stanton threw waste into the victim's cell.

A-1091-17T3

On this appeal, Stanton first argues that it was a violation of due process and agency rules, which he cites as N.J.A.C. 10A:9-5(b), for the same corrections sergeant to investigate both the flooding charge against the alleged victim and the *.002 charge against Stanton.  We reject that argument.  The correct citation to the rule is N.J.A.C. 10A:4-9.5(b).  A plain-language reading of that regulation reveals that it does not apply here, because the investigating sergeant was not "involved" in the flooding incident or the waste-throwing incident.

Stanton also asserts that the evidence does not support the hearing officer's factual findings.  From her decision, it is clear that the hearing officer relied on the video, which she viewed during the hearing in the presence of Stanton and his inmate counsel substitute.  However, despite the central importance of the video, the DOC's statement of items comprising the record on appeal does not specifically list the video and the appendices do not include it.  See R. 2:5-4(b).  Further, this evidence is exclusively within the DOC's control and was not produced, although requested, apparently because the agency lost or misplaced it.  See R. 2:5-4(d).  Accordingly, we cannot engage in meaningful appellate review of the DOC's decision.

A-1091-17T3

Under these circumstances, we find that fairness to both sides will be served by vacating the agency's decision and remanding the case for a new hearing before a different hearing officer. See In re Corbo, __ N.J. __, __ (2019) (slip op. at 10-12) (holding that a remand, rather than a reversal, was the appropriate remedy for procedural error, where the agency might be able to prove its case on remand). To be clear, the new hearing officer may not consider the previous decision and must render a decision based solely on the evidence each side presents at the new hearing. If the DOC locates the video, it may use it at the new hearing. If the DOC does not have the video, the agency may rely on different evidence, such as testimony from the alleged victim, if he is willing and available. However, the DOC may not rely on hearsay about the video if it is not physically available for the new hearing officer to view. Proceedings on remand shall be completed within sixty days of the date of this opinion.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1091-17T3